IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3008 |
| vs. | ORDER |
| DANIEL DAVID HARP, | |
| Defendant. | |

    This matter is before the Court on the defendant's objection (filing 45) to the Magistrate Judge's findings and recommendation (filing 38) that the defendant's motion to suppress (filing 19) be denied. On its de novo review, *see* 28 U.S.C. § 636(b)(1)(C), the Court will overrule the objection, adopt the findings and recommendation, and deny the motion to suppress.

    The gravamen of the defendant's argument is that law enforcement exceeded the scope of a permissible *Terry* stop when the officer opened a pill container found during the initial stop-and-frisk. *See* filing 45 at 1-2; *see generally Terry v. Ohio*, 392 U.S. 1 (1968). *Terry*, the defendant argues, "permits a pat-down search *for weapons*." Filing 45 at 1. So when the officer opened the pill container found in the defendant's pocket, "he had already dispelled any indication that [the defendant] was armed and dangerous" and "[o]pening the container exceeded the scope of the search." Filing 45 at 2.

    The Magistrate Judge found, based on the testimony of the arresting officer, that the appearance of the container and the defendant's answers to questions about the container provided "probable cause to believe that [the defendant] was either in possession of controlled substances without a prescription or that he failed to maintain controlled substances in the

appropriate container, as provided by a pharmacist." Filing 38 at 7-8. But that, the defendant argues, "circumvent the fact that [the officer] could not have reasonably concluded that [the defendant] was armed and dangerous at the time he opened the box, which is the crucial inquiry." Filing 45 at 2-3.

Not so: it is well-understood that if a pat-down provides probable cause to believe that criminal activity has occurred, then the officer may act on it. *See Illinois v. Wardlow,* 528 U.S. 119, 126 (2000). While it's true that when an officer exceeds the permissible scope of *Terry*, the investigatory detention is transformed into an arrest, it's also true that such an arrest can be supported by probable cause. *See United States v. Aquino,* 674 F.3d 918, 924 (8th Cir. 2012). And when an arresting officer develops probable cause to believe that an item taken from a suspect is contraband, it can be seized. *See Minnesota v. Dickerson,* 508 U.S. 366, 376-77 (1993).[1]

So, for instance, in *United States v. Newell*, officers were justified in arresting a suspect when he was removed from his vehicle for a *Terry* stop and they saw a bag of cocaine hanging from his pocket. 596 F.3d 876, 880 (8th Cir. 2010). Similarly, in *United States v. Bell*, a permissible *Terry* stop was not impermissibly extended when the suspect promptly admitted that there was crack cocaine on her person. 183 F.3d 746, 749 (8th Cir. 1999); *see United States v. Condelee,* 915 F.2d 1206, 1210 (8th Cir. 1990).

The same is true here: while the *Terry* stop may have concluded by the time that the defendant's pill container was opened, that doesn't mean that the officer couldn't continue to search with probable cause for doing so. The

---

[1] While the container might not have been plainly identifiable as contraband while still in the defendant's pocket, *see id.* at 378, the Magistrate Judge found that the defendant consented to retrieval of the container from his pocket, filing 38 at 3, and the defendant does not take issue with that finding, *see* filing 45.

Magistrate Judge found probable cause, filing 38 at 8, and the defendant doesn't challenge that conclusion, *see* filing 45. Accordingly,

IT IS ORDERED:

1. The defendant's objection (filing 45) is overruled.

2. The Magistrate Judge's findings and recommendation (filing 38) are adopted.

3. The defendant's motion to suppress (filing 19) is denied.

Dated this 2nd day of September, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge